(56 Misc. Rep. 208.)

### TREMENHEERE v. CHAPIN et al.

(Supreme Court, Special Term, New York County. October, 1907.)

WILLS—TRUSTS—TRUSTEES.

    A wife devised the bulk of her estate in trust for the benefit of her husband and two daughters, with remainder over on his death, one-half to her daughter C. absolutely, and one-half to the executrices, or the survivor of them, in trust for the other daughter. The husband was appointed executor and the two daughters executrices and trustees. *Held* to create two trusts, the first of which fails on the death of the husband, and where testatrix by a codicil after his death appoints an executor and trustee in his place, with the same powers granted to her husband, the appointment is limited to that of executor only.

Action by Jessie R. Tremenheere against Cornelia G. Chapin and others to construe a will. Judgment rendered.

Herbert Parsons, for plaintiff.
Henry Thompson, for defendants Chapin and others.
Carleton S. Cooke, guardian ad litem, for infant defendants.

BISCHOFF, J. Catherine M. Andrews died on the 13th day of August, 1905, leaving a substantial estate. By her will, dated May 11, 1901, she disposed of the bulk of her property by creating a trust for the benefit of her husband and two daughters, with remainder upon death of her husband, one-half to her daughter Cornelia G. Chapin, absolutely, and one-half "to the executrices, or the survivor of them," in trust for her other daughter, Jessie R. Tremenheere. Certain contingencies as to survivorship and succession were provided for, but these do not affect the question presented in this action. The testatrix appointed her husband "executor and trustee" and her two daughters above referred to "executrices and trustees," with power in such as should survive and qualify to name a substitute for such as might die or be disqualified. The husband of the testatrix, George P. Andrews, for many years a valued member of this court, died May 24, 1902; and the testatrix was survived by the two daughters named in her will. On June 10, 1902, a few days after the death of Judge

Andrews, the testatrix executed a codicil to her will containing, as the sole matter of substance, the following:

"First. Whereas by my said will I appointed my late husband, George P. Andrews, one of the executors and trustees thereof; and, he having since died, I now nominate, constitute and appoint my friend John H. Judge executor and trustee in the place of my late husband, George P. Andrews, giving and granting unto him all the powers and authority given and granted unto my said husband as executor and trustee. Second. I hereby ratify and confirm my said will in every respect so far as the same is consistent with this codicil."

The question before me is whether Mr. Judge, the "executor and trustee" named in this codicil, became one of the trustees of the trust for the benefit of the plaintiff created by the tenth clause of the will, or whether, notwithstanding the codicil, "the executrices, or the survivor of them," upon whom alone by the tenth clause the trust devolved, were to act as trustees to the exclusion of this new "executor and trustee."

With the death of Judge Andrews and the consequent failure of the first trust, limited upon his life, there remained but one trust in contemplation when the codicil was executed—the trust for the life of the plaintiff as provided for in the tenth clause of the will; but this trust was to take effect upon his death, or upon the death of the testatrix if he should predecease her, and, in harmony with this situation, the will limited the execution of the trust to the "executrices, or the survivor of them," since so far the general and later inclusion of Judge Andrews as "executor and trustee" could have had no application to this particular trust. Thus we have no uncertainty that the testatrix appreciated the fact that her husband was not to act as trustee of this trust, and the contention that she had not expected his death during her life, and appointed Mr. Judge to act as "trustee" with the "executrices" to meet this unlooked-for circumstance, disregards the fact that the testatrix had provided for this very contingency in her will, and still confided the execution of the trust solely to her daughters. To say that the testatrix intended that the "executor and trustee," appointed in the place of Judge Andrews and with "the powers and authority given and granted" to the latter "as such executor and trustee," should join in the execution of the trust for the plaintiff, requires the court to assume that she had forgotten not merely the formal words of her will, but the broad situation itself in which the trust was to have its being. The death of Judge Andrews, recited in the codicil as the reason for the new appointment, while presenting a situation which touched the personnel of the executors, was, as I have noted, no unlooked-for thing in the matter of this trust; and, in view of the actual and express limitation of the new appointee's powers as the powers which were to have been exercised by Judge Andrews, it is impossible to spell out an intention to appoint him co-trustee of that trust without disregarding, not only the plain language used in the codicil, but the very presumption of law that the testatrix, when executing the codicil, knew, at least in their general import, the contents of her will. The use of the word "trustee" in the appointment by the codicil is thus so limited by the

further description of the appointment that it cannot be taken in the strict meaning which would apply it to an express trust; and, indeed, the designation "executor and trustee," which is employed in this codicil, is found to be used in the will in relation to duties which are only those of an executor—an informality which, in its consistent carrying out, does much to explain this question of intention. The evidence of surrounding circumstances, which I have received because of the ambiguity suggested by the use of the word "trustee," in connection with the words of substitution and limitation, is not of a character such as would aid the defendants' contention.

It appears that the two daughters were of full maturity, and, presumably, as well able to manage the estate when the codicil was executed as they were at the date of the will, in the assumption of the testatrix. That Mr. Judge enjoyed the friendship and confidence of Judge Andrews and was known to Mrs. Andrews to be well qualified to assume such duties as might fall to a trustee of this trust are circumstances which would harmonize with an intention to prefer him for some position of confidence, whether that of executor or trustee, but afford no indication that the appointment was of one particular character. I must hold, therefore, that this codicil fails to express an intention to empower the "executor and trustee" therein named to act as trustee of the trust created by the tenth clause of the will, and that the appointment was as executor only.

Form of decision and judgment may be presented on notice of settlement.

Judgment accordingly.